■ In the Matter of SALEM INN, INC., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review respondent's determination, dated July 22, 1977, which, after a hearing suspended petitioner's special on-premises liquor license for 30 days, 15 days thereof forthwith and the remainder thereof deferred, and imposed a $1,000 bond claim. Determination confirmed and petition dismissed on the merits, with costs. There is substantial evidence to support the respondent's determination. Hopkins, J. P., Titone, Suozzi and Margett, JJ., concur.

■ In the Matter of HELEN SCHNEIDER, Petitioner, v BOARD OF EDUCATION OF THE EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Respondents.— Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent board of education, dated February 4, 1976, which, after a hearing, found petitioner guilty of certain charges of conduct unbecoming a teacher and neglect of duty and dismissed her from her position as a teacher. Petition granted to the extent that the determination is modified, on the law, by: (1) deleting therefrom the finding of guilt as to all charges except "C", "J" and "M"; and (2) deleting therefrom the penalty of dismissal and substituting therefor a provision that the penalty shall be a "memo of reprimand" in accordance with the recommendation of the majority of the hearing panel. As so modified, determination confirmed, without costs or disbursements, respondents are directed to reinstate petitioner to her classroom duties, with back pay, less the amount of compensation earned in any other employment or occupation and any unemployment benefits she may have received, and proceeding remitted to Special Term for a determination, after a hearing, of whether back pay should be further reduced in accordance with the guidelines set forth in our decision in *Matter of Short v Nassau County Civ. Serv. Comm.* (59 AD2d 157). The administrative proceedings herein were completed prior to April 15, 1977, the effective date of the amendment of section 3020-a of the Education Law, which amendment eliminates review by the employing board of determinations of a hearing panel (see L 1977, ch 82). the hearing panel sustained 3 of the 13 charges ("C", "J" and "M") and the majority of the panel recommended no more than a written reprimand. Respondents, reviewing the record, determined that most of the remaining charges had also been sustained and dismissed petitioner. Upon our review of the entire record of the extensive hearings, we conclude that the findings of guilt as to charges other than "C", "J" and "M" are not supported by substantial evidence. The findings herein sustained do not support any sanction beyond that determined by the majority of the members of the hearing panel. Certainly, the punishment of dismissal was so disproportionate to the offenses as to be shocking to one's sense of fairness (see *Matter of Pell v Board of Educ.,* 34 NY2d 222, 233). We have modified the punishment accordingly. The amount of back pay to which petitioner is entitled will depend, *inter alia,* upon a determination by Special Term of the "outside time limit within which petitioner could have reasonably been expected" to prosecute and perfect this article 78 proceeding (see *Matter of Short v Nassau County Civ. Serv. Comm.,* 59 AD2d 157, 170, *supra).* We note, for example, that the order of transfer to this court (see CPLR 7804, subd [g]) was signed in June, 1976, but petitioner's brief was not filed until June, 1977. Hopkins, J. P., Damiani, Margett and O'Connor, JJ., concur.